# ORIGINAL



Mark Martel (State Bar No. 147970)
Attorney At Law
425 Sherman Ave. #330
Palo Alto, CA 94306
(650) 470-2650
Attorney for Cross-Defendants
Kids Connection, Inc.; Edward O. Mehrfar;
Alternative Capital Strategies; and Robert McNeil

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>FRED AND LINDA KOELLING<br><br><br>Debtors. | Case No. 04-46443-LT11<br><br>Chapter 11 |
| QMECT, INC., dba ELECTROCHEM, a California corporation, Fred Koelling, an individual, and Linda Koelling, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>Robert D. Judson, Jr., an individual; Janice H. Judson, an individual; Sierra Financial Group, Inc., a California Corporation; Burlingame Capita Partners II, Inc., a Delaware limited partnership; Burlingame Capital, LLC, a Delaware limited liability company; Burlingame Capital Management, LLC, a California limited liability company,<br><br>Defendants. | Adv. Proc. No. 04-04366 AT<br><br>**DECLARATION OF MARK MARTEL IN SUPPORT OF OPPOSITION OF KIDS CONNECTION, EDWARD MEHRFAR, ALTERNATIVE CAPITAL STRATEGIES, AND ROBERT McNEIL TO MOTION TO REMAND**<br>**(Corrected at ¶¶46-49)** |
| AND RELATED CROSS ACTION | Date:   January 20, 2005<br>Time:   2:00 p.m.<br>Room: 201<br>Judge: Hon. Leslie Tchaikovsky |

I, MARK MARTEL, declare as follows:

1. I am an attorney licensed to practice before the courts of the State of California. I am attorney for Cross-Defendants Kids Connection; Alternative Capital Strategies (ACS); Edward Mehrfar (principal of ACS); and Robert McNeill. I have personal knowledge of the matters set forth herein and if called to testify thereto could and would do so competently under oath.

2. I became attorney for Kids Connection in the *QMECT v. Judson* action in approximately October 2003. I was substituted as attorney for all plaintiffs and cross-defendants in that case in November 2004.

3. Attached hereto as **Exhibit 1** is a true and correct copy of a September 12, 2002 Services Agreement between ACS and QMECT.

4. Attached hereto as **Exhibit 2** is a true and correct copy of an October 2, 2002 Supplemental Services Agreement between ACS and QMECT.

5. Attached hereto as **Exhibit 3** is a true and correct copy of a November 7, 2002 e-mail from Edward Mehrfar to Robert Judson and others.

6. Attached hereto as **Exhibit 4** is a true and correct copy of excerpts of the October 14, 2004 deposition of Edward Mehrfar.

7. Attached hereto as **Exhibit 5** is a true and correct copy of the June 14, 2003 Agreement among Burlingame, the Koellings, and Structured Capital Group, Inc.

8. Attached hereto as **Exhibit 6** is a true and correct copy of a 1-16-04 e-mail from Mark Martel to Robert Moore. Mr. Moore would not discuss alternate dates for depositions he had noticed in January when I contacted him.

9. Attached hereto as **Exhibit 7** is a true and correct copy of a 1-20-04 e-mail from Mark Martel to Robert Moore.

10. Attached hereto as **Exhibit 8** is a true and correct copy of a 1-20-04 Letter from Mark Martel to Robert Moore.

11. Counsel for Burlingame did not consult me about deposition dates before re-noticing the depositions of Linda Koelling and Kids Connection on or about January 26, 2004.

12. Attached hereto as **Exhibit 9** is a true and correct copy of a 1-26-04 Letter from Tae Kim to Michael Betz.

13. Attached hereto as **Exhibit 10** is a true and correct copy of a 1-29-04 Letter from Adam Siegler to Robert Moore.

14. Attached hereto as **Exhibit 11** is a true and correct copy of a 2-3-04 Letter Mark Martel to Robert Moore.

15. Attached hereto as **Exhibit 12** is a true and correct copy of a 2-16-04 e-mail from Mark Martel to Robert Moore.

16. Attached hereto as **Exhibit 13** is a true and correct copy of a 2-18-04 Facsimile from Allen Matkins to Mark Martel.

17. Mrs. Koelling and I arrived on time for her deposition on February 19. Present were Mrs. Koelling, myself, Adam Siegler, Burlingame counsel Robert Moore, and Robert Judson. As the deposition began, co-counsel Adam Siegler stated that the parties were about to begin an expensive and possibly irreversible phase of litigation, and asked if Burlingame and its attorneys wanted to discuss settlement. Burlingame's attorneys agreed, and so counsel for the parties discussed settlement until late in the afternoon on February 19. In the meantime, Mrs. Koelling waited in a small office to see if her deposition would begin. Burlingame's attorneys excused her for the day sometime after about 3:15 p.m.

18. Attached hereto as **Exhibit 14** is a true and correct copy of a 2-20-04 Order.

19. Attached hereto as **Exhibit 15** is a true and correct copy of a 2-19-04 Reporter's Transcript from the aborted deposition of Linda Koelling.

20. On February 19, 2004, I arranged a mediation of this case before Hon. Read Ambler, (Ret.) of JAMS on February 24. Over the next five days, the parties focused exclusively on preparing for mediation. There was no effort or communication from either side during this period, or until March 1, about resuming depositions.

21. Attached hereto as **Exhibit 16** is a true and correct copy of a 3-1-04 Letter from Michael Betz to Tae Kim and Mark Martel.

Case: 04-04366    Doc# 15    Filed: 01/14/05    Entered: 01/19/05 10:43:22    Page 3 of 8

22. Attached hereto as **Exhibit 17** is a true and correct copy of a 3-1-04 Letter from Tae Kim to Michael Betz.

23. Attached hereto as **Exhibit 18** is a true and correct copy of a 3-20-04 Deposition of Linda Koelling (excerpts).

24. Burlingame noticed depositions for the Koellings and Kids Connection on June 17, 2004, again with consulting opposing counsel beforehand on availability. The depositions were noticed for July 1 and 2 were the Thursday and Friday before the 4th of July weekend. I inquired about the Koellings' availability on those dates, and learned that they had plans to leave the area on the evening of Wednesday, June 31 to spend a long holiday weekend with family in Southern California for their granddaughter's first birthday.

25. Attached hereto as **Exhibit 19** is a true and correct copy of a 6-25-04 Letter from Mark Martel to Michael Betz. I did not mean to suggest in this letter that I would be available for deposition on July 13, which was the day before I began trial. In fact, I knew I would be completely committed with trial preparation on that date. Sometime between sending this letter and June 28, I called Mr. Betz and informed him that the Koellings were willing to curtail their 4th of July weekend plans and return early so they could be deposed on July 6. Mr. Betz never pursued that date.

26. Attached hereto as **Exhibit 20** is a true and correct copy of a 6-29-04 Letter from Mark Martel to Michael Betz.

27. Attached hereto as **Exhibit 21** is a true and correct copy of a 7-6-04 Letter from Mark Martel to Michael Betz.

28. Attached hereto as **Exhibit 22** is a true and correct copy of a 2-20-04 Order, File-Stamped 3-4-04.

29. Attached hereto as **Exhibit 23** is a true and correct copy of a 7-7-04 e-mail from Michael Betz to Mark Martel.

30. Attached hereto as **Exhibit 24** is a true and correct copy of a 7-7-04 e-mail from Mark Martel to Michael Betz.

Declaration of Mark Martel    Case: 04-04366    Doc# 15    Filed: 01/14/05    Entered: 01/19/05 10:43:22    Page 4 of 8

31. Mrs. Koelling has never failed to appear for deposition on a date agreed to by the parties.

32. Attached hereto as **Exhibit 25** is a true and correct copy of a 7-7-04 Letter from Tae Kim to Michael Betz.

33. On July 19, 2004, I informed Mr. Betz by phone that Mrs. Koelling had a City Council meeting at 5:00 p.m. on July 20, and would have to leave her deposition by 4:00 p.m. at the latest.

34. Attached hereto as **Exhibit 26** is a true and correct copy of a 7-19-04 e-mail from Michael Betz to Mark Martel.

35. Attached hereto as **Exhibit 27** is a true and correct copy of a 7-19-04 e-mail from Mark Martel to Michael Betz.

36. Mrs. Koelling arrived on time for her July 20, 2004 deposition, although we had to wait for about 15 minutes for the deposition to start.

37. Attached hereto as **Exhibit 28** is a true and correct copy of excerpts of the transcript of Mrs. Koelling's 7-20-04 deposition.

38. After Mrs. Koelling's July 20 deposition concluded for the day, I offered to counsel present dates in August to resume Mrs. Koelling's deposition. I do not recall now what those dates were. Mr. Moore and Mr. Siegler were focused on discussing dates for Mr. Koelling and Robert Judson, and I received no response to my proposed dates. I had to leave with Mrs. Koelling before they concluded their discussion about dates to depose Mr. Koelling and Mr. Judson.

39. Attached hereto as **Exhibit 29** is a true and correct copy of an 8-18-04 e-mail from Mark Martel to Michael Betz.

40. Attached hereto as **Exhibit 30** is a true and correct copy of an 8-19-04 e-mail from Mark Martel to Michael Betz.

41. Attached hereto as **Exhibit 31** is a true and correct copy of an 8-20-04 e-mail from Michael Betz to Mark Martel.

Declaration of Mark Martel

Case: 04-04366   Doc# 15   Filed: 01/14/05   Entered: 01/19/05 10:43:22   Page 5 of 8

42. Attached hereto as **Exhibit 32** is a true and correct copy of an 8-20-04 e-mail from Mark Martel to Michael Betz.

43. Attached hereto as **Exhibit 33** is a true and correct copy of an 8-20-04 e-mail exchange between Michael Betz and Mark Martel.

44. Attached hereto as **Exhibit 34** is a true and correct copy of a 9-2-04 e-mail from Michael Betz to Mark Martel.

45. Attached hereto as **Exhibit 35** is a true and correct copy of a 9-17-04 and 9-20-04 e-mail exchange between Mark Martel and Michael Betz.

46. Attached hereto as **Exhibit 36** is a true and correct copy of excerpts of the transcript of Mrs. Koelling's 9-28-04 deposition.

47. Attached hereto as **Exhibit 37** are true and correct copies of the cover pages of deposition transcripts from the March 19, 2004; July 13, 2004; July 19, 2004; July 20, 2004; August 25, 2004; August 27, 2004; and September 23, 2004. I believe Mr. Koelling was deposed on one additional date.

48. Attached hereto as **Exhibit 38** is a true and correct copy of a discovery log that my office prepared in October 2004. I had not yet been substituted in as counsel for all plaintiffs and cross-defendants in the *QMECT* action at that time, and did not have all of Burlingame's discovery requests. The log therefore probably does not contain all of Burlingame's discovery requests through the end of September, 2004. Burlingame also propounded a number of requests after this log was prepared, including some after the Koellings filed for bankruptcy and served a notice of stay of proceedings on Burlingame.

49. I received Burlingame's Notice of Motion and Motion to Dismiss/Remand by e-mail from Fred Koelling on January 11. I do not have any papers other than the brief, which does not include the proof of service. I suspect I was not served with the motion papers because I am not attorney of record for the Koellings in their bankruptcy case, and the Judsons attorneys overlooked the need to serve all parties to the removed *QMECT* action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Case: 04-04366   Doc# 15   Filed: 01/14/05   Entered: 01/19/05 10:43:22   Page 6 of 8
Declaration of Mark Martel

Executed on January 14, 2005, at Palo Alto, California.

*MARK MARTEL*

Mark Martel
Attorney for Cross-Defendants
Kids Connection, Inc.; Alternative Capital Strategies
Edward Mehrfar;  and Robert Mcneil

# PROOF OF SERVICE

I am a resident of the United States and I reside in the county of San Mateo. I am over the age of eighteen years and not a party to this action. My business address is 425 Sherman Avenue, Suite 330. Palo Alto, CA 94306. On January 14, 2005 I served the following documents:

**Declaration Of Mark Martel In Support Of Opposition Of Kids Connection, Edward Mehrfar, Alternative Capital Strategies, And Robert Mcneil To Motion To Remand (Amended)**

by depositing the document in the U.S. mail, with first-class postage prepaid, addressed as follows:

Robert R. Moore
Allen, Matkins, Leck. Gamble & Mallory LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111

Tobias S. Keller
Pachulski, Stang, Ziehl, Young, Jones & Weintraub, P.C.
Three Embarcadero Center, Suite 1020
San Francisco, CA 94111

Eric Nyberg
Kornfield, Paul & Nyberg, PC
1999 Harrison Street, Suite 2675
Oakland, CA 94612

Paul Manasian
Manasian & Rougeau
400 Montgomery Street, #1000
San Francisco, CA 94104

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Palo Alto, California, on January 14, 2005.

Ximena Martel