PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.
TOBIAS S. KELLER (BAR NO. 151445)
GABRIELLE ALBERT ROHWER (BAR NO. 190895)
RAMON M. NAGUIAT (BAR NO. 209271)
Three Embarcadero Center, Suite 1020
San Francisco, CA 94111-4023
Telephone: (415) 263-7000
Facsimile: (415) 263-7010

ALLEN MATKINS LECK GAMBLE & MALLORY LLP
ROBERT R. MOORE (BAR NO. 113818)
MICHAEL J. BETZ (BAR NO. 196228)
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111-4074
Telephone: (415) 837-1515
Facsimile: (415) 837-1516

Attorneys for BURLINGAME CAPITAL
PARTNERS II, L.P., and ELECTROCHEM FUNDING,
LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| In re: | Case No. 04-46443-LT11 |
|---|---|
| HARRY FRED KOELLING and LINDA ANN KOELLING, | Adv. Proc. No. 04-04366 AT |
| Debtors. | **BURLINGAME CAPITAL PARTNERS II, L.P., AND ELECTROCHEM FUNDING, LLC'S REPLY TO KID'S CONNECTION, EDWARD MEHRFAR, ALTERNATIVE CAPITAL STRATEGIES AND ROBERT MCNEIL'S OPPOSITION TO MOTION TO REMAND** |
| QMECT, INC., dba ELECTROCHEM, a California corporation; FRED KOELLING, an individual; and LINDA KOELLING, an individual, | |
| Plaintiffs, | |
| ROBERT D. JUDSON, JR., an individual; JANICE H. JUDSON, an individual; SIERRA FINANCIAL GROUP, INC., a California corporation; BURLINGAME CAPITAL PARTNERS II, INC., a Delaware limited partnership; BURLINGAME CAPITAL, LLC, a Delaware limited liability company; BURLINGAME CAPITAL MANAGEMENT, LLC, a California limited liability company, | Date: January 20, 2005<br>Time: 2:00 p.m.<br>Place: 1300 Clay St., Rm. 201<br>Oakland, CA<br>Judge: Honorable<br>Leslie Tchaikovsky |
| Defendants. | |
| AND RELATED CROSS ACTION. | |

Allen Matkins Leck
Gamble & Mallory LLP
attorneys at law

Burlingame Capital Partners II, LP and
Electrochem Funding LLC's Reply

# I.

## INTRODUCTION

The opposition of state court cross-defendants Kids Connection, Edward Mehrfar, Alternative Capital Strategies and Robert McNeil's (the "Defendants") to the motion to remand this and a related adversary proceeding to the state court filed by Burlingame Capital Partners II, L.P. ("BCP") and Electrochem Funding, LLC's (collectively the "Lenders") underscores the reason why these adversary proceedings should be remanded. The Defendants make the same argument to this Court concerning their alleged compliance with discovery, which was made to the San Mateo Superior Court and rejected three times. Apparently the Defendants seek from this Court a ruling contrary to the well-reasoned rulings from the State Court Judge.

Further, Defendants make identical arguments concerning the substantive nature of this dispute. The San Mateo Superior Court has already ruled on those arguments when it granted BCP, *et al.*, writs of attachment against the Koellings' assets. By making the same losing arguments to this Court that have previously been rejected, the Defendants make clear they are forum shopping, which will lead to a tremendous waste of judicial resources and potentially inconsistent rulings. As demonstrated in the Lenders' moving and reply papers on their motion to dismiss the Koellings' Chapter 11 case, a bankruptcy petition predicated on litigation tactics such as forum shopping must be dismissed.

Defendants' arguments are not just misrepresentations to this Court, but are frivolous and are made for an improper purpose. If Defendants' counsel fails to withdraw certain statements made in the opposition and and described herein by January 20, 2005 at 2:00 p.m. (the time of the hearing on this matter) the Lenders will ask this Court to reserve the issue of whether Rule 11 sanctions should be imposed.

///

///

///

///

**Allen Matkins Leck Gamble & Mallory** LLP
*attorneys at law*
633542.01/SF

Case: 04-04366   Doc# 16   Filed: 01/19/05   Entered: 01/19/05 10:49:59   Page 2 of 9

## II.

## REPLY BACKGROUND FACTS

Defendants present an unsubstantiated rendition of the facts which can charitably be described as misrepresentations to this Court. While the Lenders will not address every misrepresentation, they make the following observations.

In January 2004, BCP, *et al.*, sought a writ of attachment against the Koellings' assets based on their breach of the unconditional guarantee of the BCP loan to QMECT. To obtain the right to attach order, BCP, *et al.*, had to demonstrate they were likely to prevail on their claim for breach of unconditional guarantee. In opposition to the writ of attachment applications, the Koellings and their counsel argued the various lender-liability theories which are mirrored in the Defendants' January 13 Opposition filed in this Court. (*See*, January 18, 2005 Declaration of Michael J. Betz, Esq. ("Betz Decl.") at Exhs. C, D, E and F and compare with January 13 Opposition.) The San Mateo Superior Court discarded the Defendants' and the Koellings' arguments and issued the right to attach orders for the full amounts sought. (December 22, 2004 Declaration of Michael J. Betz, Esq., at Exh. Q, holding BCP, *et al.*, "has established the probable validity of the claim upon which the attachment is based" and that "the attachment is not sought for a purpose other than recovery on the claim upon which the attachment is cased.")

As for discovery, there have been three significant motions in the State Court: (1) BCP, *et al.*'s February 20, 2004 motion to compel the Koellings, *et al.*, to appear for a deposition; (2) BCP, *et al.*'s July 27, 2004 motion to compel the Koellings, *et al.*, to produce documents; and (3) BCP, *et al.*'s November 17, 2004 motion for terminating sanctions against the Koellings, *et al.* In each motion, the Koellings, *et al.*, and their counsel submitted a virtually identical argument/declaration claiming they complied with discovery. (Betz Decl. at Exhs. A, B, G, H, I and J.) In fact, in opposition to BCP, *et al.*'s motion for terminating sanctions, counsel for the Koellings, Mark Martel, filed an identical declaration as he does in this case. (*See* Betz Decl. at Exh. J and compare with Mark Martel's January 13 Declaration.) On each occasion, the Superior Court rejected the

**Allen Matkins Leck Gamble & Mallory** LLP
*attorneys at law*

Case: 04-04366    Doc# 16    Filed: 01/19/05    Entered: 01/19/05 10:49:59    Page 3 of 9

Koellings, *et al*.'s counsel's arguments, albeit the third time tentatively. (*See* December 22, 2004 Declaration Michael J. Betz at Exhs. C, J and X.)

The claim that Kids Connection is an entity separate and distinct from the Koellings is not supported by the evidence. As Mrs. Koelling stated during her September 28, 2004 deposition: (1) she and Fred Koelling are Kids Connection's only directors; (2) Fred Koelling nevertheless owes no fiduciary duty to Kids Connection; (3) Linda Koelling is the sole shareholder of Kids Connection; (4) she makes all the decisions for Kids Connection; and, (5) she is "everything" as it pertains to Kids Connection. (Betz Decl. at Exh. K at pp. 186, 193, 194 and 213.)

The argument that Kids Connection is not liable in any of these proceedings is false. Kids Connection was the primary recipient of QMECT's June 2003 fraudulent stock issuance. Further, Linda Koelling's stock in Kids Connection is subject to collection pursuant to her guarantee of the Comerica loan to QMECT. While the June 14, 2003 agreement states the Comerica guarantee would be extinguished upon BCP's acquisition of the Comerica loan, the extinguishment was subject to the Koellings complying with the other terms in the agreement, including BCP's unconditional right to appoint a new CEO to QMECT and the requirement that the Koellings act in good faith. The Koellings breached their agreement to act in good faith by engaging in the following conduct:

- Failing to inform BCP that an offer to purchase the Comerica Loan had been made in May 2004 for $2,100,000 which was rejected by Comerica Bank;

- Failing to provide information and documents requested by BCP to assist in formulating an offer to purchase the Comerica Loan;

- When documents were provided, frequently they were misleading and often fraudulent;

- Refusing to provide BCP with information concerning prior efforts to purchase the Comerica Loan;

**Allen Matkins Leck Gamble & Mallory** LLP
*attorneys at law*
635542.01/SF

Case: 04-04366    Doc# 16    Filed: 01/19/05    Entered: 01/19/05 10:49:59    Page 4 of 9

- Assisting Structure Capital Group's efforts to purchase the Comerica Loan;

- Agreeing to release Comerica Bank from any claim by QMECT and the Koellings, if the Comerica Loan was sold to QMECT Funding, LLC, a majority shareholder in QMECT and the assignees of Structure Capital;

- Representing to a number of creditors and others in the lending community that QMECT was arranging for new financing and that BCP supported the refinancing, which was entirely untrue and potentially compromised BCP's efforts to purchase the Comerica Loan;

- Misrepresenting QMECT's finances;

- Misrepresenting QMECT's relationship with Structure Capital; and,

- Misrepresenting their relationship with QMECT Funding.

Further, the Koellings refused to allow BCP to appoint a new CEO of QMECT as specifically required in the June 14 agreement. Given the Koellings' repeated and virtually uncontested breaches of the June 14 agreement, Kids Connection remains a guarantor of the Burlingame loan.

The Defendants' counsel misrepresents that "in June, 2001, QMECT borrowed $1.5 million from Kids Connection in order to relieve its financial difficulties." Linda and Fred Koelling lent the money to QMECT, not Kids Connection. Indeed, there is a promissory note evidencing that the loan was made from the Koellings – not Kids Connection. (*See* Betz Decl. at Exh. K at Exh. 81.) In an effort to obstruct the Lenders' collection process, however, the Koellings and QMECT attempted to restructure the loan by various assignments and stock issuances.

In essence, the Koellings attempt to separate themselves from Kids Connection when need be, but borrow from their personal Kids Connection piggybank when required.

///

///

///

Allen Matkins Leck
Gamble & Mallory LLP
attorneys at law
633542.01/SF

Case: 04-04366    Doc# 16    Filed: 01/19/05    Entered: 01/19/05 10:49:59    Page 5 of 9

# III.

## LEGAL ARGUMENT

### A. THE OPPOSITION DEMONSTRATES THIS MATTER SHOULD BE REMANDED.

The Koellings and their counsel have raised and will raise the same arguments over and again, without success. Here, they raise, *for the third time*, an argument concerning their alleged compliance with discovery which has been rejected three times, albeit the last time in the tentative ruling issued on the same day as the Koellings filed for bankruptcy. Similarly, they raise lender liability arguments the Superior Court disregarded when it issued writs of attachments. Indeed, the right to attach an order specifically finds BCP, *et al.*, demonstrated a probable validity on its claims against the Koellings. Now, in an effort to seek an alternative forum to hear their same meritless arguments, the Koellings filed for personal bankruptcy. Forum shopping is not permitted under any standard and requires a remand of the Koellings' case. If the case is not remanded, it could create the very real probability of inconsistent rulings as evidenced by the Defendants' opposition which essentially requests that this Court reconsider previous orders made by the State Court.

### B. THE DEFENDANTS' VARIOUS JUDICIAL EFFICIENCY ARGUMENTS ARE OFF THE MARK.

An efficient resolution to this dispute will occur in the San Mateo Superior Court. It cannot be underscored enough that, in 2002, the Koellings initiated this case in the San Mateo Superior Court. Since that time, multiple motions and issues related to the heart of the parties' dispute have been adjudicated as set forth in the Lenders' brief in support of the motion to dismiss the Koellings' Chapter 11 case. By contrast, two significant events have occurred in the QMECT bankruptcy: (1) an initial motion to dismiss QMECT's bankruptcy action; and, (2) a hearing on the valuation of the QMECT real property. Accordingly, the Defendants' claim that "all matters related to transactions and issues between Burlingame, the Judsons and QMECT/the Koellings have been handled by this Court," is plainly false. The history of this case remains in the San Mateo Superior Court files.

Allen Matkins Leck
Gamble & Mallory LLP
attorneys at law

Burlingame Capital Partners II, LP and
Electrochem Funding LLC's Reply

The following is a short response to the series of meritless arguments raised by the Defendants:

- The Koellings' pursuit of state court litigation did not end with their filing of the first state court action. In the second state court action, they cross-claimed against the Lenders, *et al.* The Koellings should now be required to litigate the case in the forum in which they twice chose.

- What cannot be disputed is that Kids Connection, Robert McNeil, Alternative Capital Strategies ("ACS") and Edward Mehrfar are parties to the state court action and have *not* filed for bankruptcy. The bankruptcy petitions filed by the Koellings and QMECT will in no way affect the claims against the Defendants. Thus, Kids Connection, Robert McNeil, ACS and Mehrfar have neither a legal nor factual reason to have the claims against them removed to the bankruptcy court.

- The argument that the ACS/Mehrfar claims are a "tiny fraction of the dispute" is wishful thinking. ACS and Mehrfar intentionally interfered with the Lender's contractual relations which caused damages. The Lenders are entitled to pursue these claims in State Court.

- The argument that if the Mehrfar/ACS claims were remanded, it would result in duplicative work is easily resolved. The case should be remanded so that the issues can be timely resolved in a prompt State Court jury trial.

- The argument that "Fred Koelling will have to appear in the state court litigation against ACS, diverting his attention from the present bankruptcy" is nonsense. Fred Koelling would have to appear in one court or another to address the ACS/Mehrfar dispute.

- For the second time, Defendants argue that claims against Kids Connection have not been remanded. On August 5, 2004, this Court remanded *all claims* against Kids Connection to the state court action. Despite that ruling, Kids Connection remains obstinate and refuses to comply with discovery.

Allen Matkins Leck
Gamble & Mallory LLP
attorneys at law
635542.04/SF

- Finally, the State Court actions will preserve resources. For this motion alone, the following four firms represent the interests of QMECT/the Koellings: (1) Manasian & Rougeau; (2) Philip J. Nicholson; (3) Kornfield, Paul &Nyberg; and (4) the law offices of Mark Martel. The following two firms represent the Lenders: (1) Pachulski, Stang, Ziehl, Young, Jones & Weintraub; and (2) Allen Matkins. This entourage of counsel constitutes an enormous drain on both parties' financial resources. This is especially true if the cases must start all over before this Court. By contrast, if the case is remanded, it will be resolved within a few months by Mark Martel (representing the Koellings, *et al.*) and Robert Moore (representing the Lenders). The cases should be remanded.

### C. THE DEFENDANTS' ARGUMENTS CONCERNING SETTLEMENT NEGOTIATIONS MUST BE STRICKEN.

Under the Federal Rules, evidence of an offer or acceptance of an offer to compromise a disputed claim is not admissible to prove liability for or invalidity of a claim or its amount. (Fed. R. Evid. 408; *Pierce v. F.R. Tripler & Co.* (2nd Cir. 1992) 955 F.2d 820, 826-827.) The purpose of the prohibition is to encourage freedom of discussion among the parties, thus promoting public policy in favor of dispute resolution without litigation. (*See* F. R. Evid. 408, advisory committee note; *Affiliated Mfrs., Inc. v. Aluminum Co. of America* (3rd Cir. 1995) 56 F.3d 521, 526.) Moreover, because parties frequently offer to settle even though they do not believe they are liable, an offer of compromise is irrelevant. Likewise, all statements made between counsel in the course of settling litigation are inadmissible. (*Fiberglass Insulators, Inc. v. Dupy* (4th Cir. 1988) 856 F.2d 652, 654-655.) While the rule is ordinarily phrased in terms of offers to compromise, completed compromises are similarly excluded when offered against the party thereto. (F. R. Evid. 408, advisory committee notes.)

Case: 04-04366   Doc# 16   Filed: 01/19/05   Entered: 01/19/05 10:49:59   Page 8 of 9

Defendants' opposition contains a section entitled "A Missed Settlement Opportunity Leads to the QMECT Bankruptcy." This is the second time the Koellings or their affiliates raise false arguments concerning settlement negotiations. According to well-established federal rules, arguments concerning settlement discussions must be stricken.

## IV.

### CONCLUSION

For the foregoing reasons, the Lenders respectfully request that the Court enter an order: (a) granting the Lenders' motion and remanding the instant and related adversary proceeding to the San Mateo Superior Court for further proceedings; and (b) granting such other and further relief as the Court deems just and proper. The Lenders also request that if Defendants' counsel fails to withdraw the statements contained in the opposition and described herein by January 20, 2005 at 2:00 p.m. (the time of the hearing on this matter) that the Court reserve the issue of whether Rule 11 sanctions should be imposed.

Dated: January 19, 2005      PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

By:      /s/ Tobias S. Keller
         TOBIAS S. KELLER
Attorneys for BURLINGAME CAPITAL PARTNERS II, L.P., and ELECTROCHEM FUNDING, LLC

Dated: January 19, 2005      ALLEN MATKINS LECK GAMBLE & MALLORY LLP

By:      /s/ Robert R. Moore
         ROBERT R. MOORE
Attorneys for BURLINGAME CAPITAL PARTNERS II, L.P. and ELECTROCHEM FUNDING, LLC