

PAUL E. MANASIAN (SB No. 130855)
GREGORY A. ROUGEAU (SB No. 194437)
THOMAS T. HWANG (SB No. 218678)
MANASIAN & ROUGEAU, LLP
400 Montgomery Street, Suite 1000
San Francisco, California 94104
Telephone: (415) 291-8425
Facsimile: (415) 291-8426

Attorneys for Plaintiff,
QMECT, INC.

**Signed: May 09, 2005**

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| QMECT, INC., a California corporation, dba Electrochem, | ) Case No. 04-41044-LT11 |
| | ) |
| Debtor. | ) |
| | ) |
| | ) Adv. Pro. Case No. 04-4366 |
| | ) |
| QMECT, INC., et al., | ) **ORDER ON BURLINGAME CAPITAL** |
| | ) **PARTNERS II AND ELECTROCHEM** |
| Plaintiffs, | ) **FUNDING, LLC'S MOTION FOR** |
| vs. | ) **REMAND** |
| | ) |
| ROBERT D. JUDSON, JR., et al., | ) Date: January 20, 2005 |
| | ) Time: 2:00 p.m. |
| Defendants. | ) Location: Courtroom 201 |
| | ) United States Bankruptcy Court |
| | ) 1300 Clay Street |
| | ) Oakland, CA 94612 |

This matter came before the Court on January 20, 2005, January 28, 2005 and January 31, 2005 on the Motion to Dismiss Case or in the Alternative, Relief from the Automatic Stay and Remand of State Court Actions and on the Motion for Remand of Removed Action (the "Motion for Remand"), filed by Burlingame Capital Partners II, L.P. and Electrochem Funding, LLC and on the Joint Motion to Consolidate Adversary Proceedings Pursuant to Federal Rule of Bankruptcy Procedure 7042(a) (the "Motion to Consolidate"), filed by Qmect, Inc. and Fred and Linda Koelling. Paul Manasian of Manasian & Rougeau, LLP appeared on behalf of Qmect, Inc. ("Qmect"). Tobias S. Keller of Pachulski, Stang, Ziehl, Young, Jones &

Weintraub P.C. and Robert R. Moore and Michael J. Betz of Allen Matkins, Leck, Gamble and Mallory, LLP appeared on behalf of creditors Burlingame Capital Partners II, L.P. ("BCP") and Electrochem Funding LLC ("Funding" and, together with BCP, the "Burlingame Entities"). Philip J. Nicholsen appeared on behalf of the Official Unsecured Creditors' Committee appointed in the Qmect Chapter 11 case. Eric A. Nyberg of Kornfield Paul & Nyberg, P.C. appeared on behalf of Fred Koelling and Linda Koelling (the "Koellings").

The Court has read the briefs and moving papers of both the Plaintiffs and Burlingame, and has considered the record of this case and the pleadings and papers filed in the respective Chapter 11 cases. For the reasons stated in the Court's Memorandum of Decision re Core/Noncore Status of Certain Adversary Claims, entered on February 9, 2005 (the "Memorandum of Decision"),

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The claims in the above-captioned adversary proceeding will be remanded or will not be remanded and will remain in the jurisdiction of this Court in accordance with the Memorandum of Decision, as follows:

**First Amended Complaint for: (1) Breach of Fiduciary Duty; (2) Recission of Contract; (3) Unfair Business Practice; (4) Breach of Contract; (5) Declaratory Relief; and (6) Injunctive Relief, Filed June 25, 2003**

2. The First Cause of Action (Breach of Fiduciary Duty and Conspiracy), to the extent such cause of action is asserted by Qmect and the Koellings against BCP, is retained by the Court; to the extent asserted by Qmect and the Koellings against any party other than BCP, is remanded;

3. The Second Cause of Action (Recission Based Upon Fraud and Illegality), to the extent such cause of action is asserted by Qmect and the Koellings against BCP, is retained by the Court; to the extent asserted by Qmect and the Koellings against any party other than BCP, is remanded;

4. The Third Cause of Action (Unfair Business Practices and Conspiracy), to the extent such cause of action is asserted by Qmect and the Koellings against BCP, is retained by

Case: 04-04366    Doc# 25    Filed: 05/09/05    Entered: 05/18/05 14:30:52    Page 2 of 7

the Court; to the extent asserted by Qmect and the Koellings against any party other than BCP, is remanded;

5.     The Fourth Cause of Action (Breach of Contract) is remanded;

6.     The Fifth Cause of Action (Declaratory Relief), to the extent such cause of action is asserted by Qmect and the Koellings against BCP, is retained by the Court; to the extent asserted by Qmect and the Koellings against any party other than BCP, is remanded; and

7.     The Sixth Cause of Action (Injunctive Relief), to the extent such cause of action is asserted by Qmect and the Koellings against BCP, is retained by the Court; to the extent asserted by Qmect and the Koellings against any party other than BCP, is remanded;

**First Amended Cross-Complaint, Filed September 17, 2003**

8.     The First Cause of Action (Breach of Unconditional Guaranty), to the extent such cause of action is asserted by BCP against the Koellings, is retained by the Court; to the extent asserted by any party against any party other than the Koellings, is remanded, to the extent asserted by any party other than BCP against the Koellings, is remanded;

9.     The Second Cause of Action (Fraudulent Transfer), to the extent such cause of action is asserted by BCP against Linda Koelling, is retained by the Court; to the extent asserted by any party against any party other than Linda Koelling, is remanded; to the extent asserted by any party other than BCP against any party, is remanded;

10.     The Third Cause of Action (Fraudulent Transfer), to the extent such cause of action is asserted by BCP against Qmect, is retained by the Court; to the extent asserted by any party against any party other than Qmect, is remanded; to the extent asserted by any party other than BCP against any party, is remanded;

11.     The Fourth Cause of Action (Tortious Interference with Contractual Relations), to the extent such cause of action is asserted by BCP against Linda Koelling, is retained by the Court; to the extent asserted by any party against any party other than Linda Koelling, is remanded; to the extent asserted by any party other than BCP against Linda Koelling, is remanded;

12.     The Fifth Cause of Action (Breach of Fiduciary Duty), to the extent such cause of

Case: 04-04366   Doc# 25   Filed: 05/09/05   Entered: 05/18/05 14:30:52   Page 3 of 7

action is asserted by BCP against the Koellings, is retained by the Court; to the extent asserted by any party against any party other than the Koellings, is remanded; to the extent asserted by any party other than BCP against the Koellings, is remanded;

13. The Sixth Cause of Action (Contractual/Implied Indemnity and Contribution), to the extent such cause of action is asserted by BCP against Qmect, is retained by the Court; to the extent asserted by any party against any party other than Qmect, is remanded; to the extent asserted by any party other than BCP against any party, is remanded;

14. The Seventh Cause of Action (Default/Foreclosure Under the Warrant to Purchase Stock Agreement), to the extent such cause of action is asserted by BCP against Qmect, is retained by the Court; to the extent asserted by any party against any party other than Qmect, is remanded; to the extent asserted by any party other than BCP against any party, is remanded;

15. The Eighth Cause of Action (Default/Foreclosure Under the Stock Pledge Agreement), to the extent such cause of action is asserted by BCP against Qmect or Fred Koelling, is retained by the Court; to the extent asserted by any party other than BCP against any party, is remanded;

16. The Ninth Cause of Action (Appointment of Receiver), to the extent such cause of action is asserted by BCP against Qmect or the Koellings, is retained by the Court; to the extent asserted by any party against any party other than Qmect or the Koellings, is remanded; to the extent asserted by any party other than BCP against any party, is remanded;

17. The Tenth Cause of Action (Accounting and Return), to the extent such cause of action is asserted by BCP against Qmect or the Koellings, is retained by the Court; to the extent asserted by any party against any party other than Qmect or the Koellings, is remanded; to the extent asserted by any party other than BCP against any party, is remanded;

18. The Eleventh Cause of Action (Waste of Corporate Assets), to the extent such cause of action is asserted by BCP against Qmect or the Koellings, is retained by the Court; to the extent asserted by any party against any party other than Qmect or the Koellings, is remanded; to the extent asserted by any party other than BCP against any party, is remanded;

19. The Twelfth Cause of Action (Constructive Trust), to the extent such cause of

Case: 04-04366    Doc# 25    Filed: 05/09/05    Entered: 05/18/05 14:30:52    Page 4 of 7
ORDER ON MOTION FOR REMAND

action is asserted by BCP against Qmect or the Koellings, is retained by the Court; to the extent asserted by any party against any party other than Qmect or the Koellings, is remanded; to the extent asserted by any party other than BCP against any party, is remanded;

20. The Thirteenth Cause of Action (Tortious Interference With Contractual Relations) is remanded;

21. The Fourteenth Cause of Action (Declaratory Relief), to the extent such cause of action is asserted by BCP against Qmect or the Koellings, is retained by the Court; to the extent asserted by any party against any party other than Qmect or the Koellings, is remanded; to the extent asserted by any party other than BCP against any party, is remanded; and

22. The Fifteenth Cause of Action (Temporary Restraining Order/Preliminary Injunction), to the extent such cause of action is asserted by BCP against Qmect or the Koellings, is retained by the Court; to the extent asserted by any party against any party other than Qmect or the Koellings, is remanded; to the extent asserted by any party other than BCP against any party, is remanded.

23. To the extent that Qmect and/or the Koellings assert causes of action in a matter remanded hereby, any defendant other than Funding or BCP shall have relief from stay to assert and prosecute causes of action against Qmect and/or the Koellings, as the case may be; provided, however, that no such defendant may recover anything from the estates of Qmect or the Koellings on account of any such cause of action, unless otherwise ordered by this Court.

**APPROVED AS TO FORM:**

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB, P.C.

By:  *Tobias S. Keller*                              Dated: April 8, 2005
         Tobias S. Keller
Attorneys for Burlingame Capital Partners II, L.P.
and Electrochem Funding, LLC

///

Case: 04-04366    Doc# 25    Filed: 05/09/05    Entered: 05/18/05 14:30:52    Page 5 of 7

ORDER ON MOTION FOR REMAND

KORNFIELD, PAUL & NYBERG, P.C.


By:    *Eric A. Nyberg*                              Dated: April 8, 2005
          Eric A. Nyberg
Attorneys for Fred Koelling and Linda Koelling


**END OF ORDER**

COURT SERVICE LIST

Office of the U.S. Trustee
Office of the United States Trustee
Oakland Division
Attn: Maggie McGee
1301 Clay Street, Suite 690N
Oakland, CA 94612-5217
Facsimile: 510/273-4163
Email: Maggie.McGee@usdoj.gov

Pachulski Stang, et al.
Attn: Tobias S. Keller, Esq.
Three Embarcadero Center, Suite 1020
San Francisco, CA 94111
Facsimile: 415/263-7010
Email: tkeller@pszyjw.com

Robert R. Moore, Esq.
Allen Matkins Leck Gamble & Mallory LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Facsimile: 415/837-1516
Email: rmoore@allenmatkins.com

Philip J. Nicholsen, Esq.
211 Main Street, Suite 740
San Francisco, CA 94105
Facsimile: 415/364-4001
Email: nicholsenlaw@yahoo.com

Eric A. Nyberg, Esq.
Chris D. Kuhner, Esq.
Kornfield Paul & Nyberg, P.C.
1999 Harrison Street, Suite 2675
Oakland, CA 94612
Facsimile: 510/273-8669
Email: E.Nyberg@Kornfieldlaw.com

Case: 04-04366    Doc# 25    Filed: 05/09/05    Entered: 05/18/05 14:30:52    Page 7 of 7
ORDER ON MOTION FOR REMAND